UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHET MICHAEL WILSON, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> BETTER MORTGAGE CORP., <br><br> Defendant. | Civil Action No. 1:25-cv-05503-PAE |

**DEFENDANT BETTER MORTGAGE CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

John W. McGuinness
Bryce T. Brenda
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10036
Telephone: (212) 790-4599
Facsimile: (212) 790-4545
jmcguinness@manatt.com
bbrenda@manatt.com

*Attorneys for Defendant
Better Mortgage Corp.*

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................... 1

RELEVANT COMPLAINT ALLEGATIONS ................................................................... 3

APPLICABLE LEGAL STANDARD ............................................................................... 4

ARGUMENT ...................................................................................................................... 5

   I.   THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR
       FAILURE TO STATE A CLAIM UNDER THE TCPA. ................................................. 5

     A. Section 227(c) of the TCPA Does Not Apply To Text Messages. ............................... 6

     B. Plaintiff's Complaint Does Not Plausibly Allege Any Theory of Liability Against
        Defendant ................................................................................................................... 10

         1. Plaintiff Does Not Plausibly Allege that Defendant Physically Sent the Subject
            Texts, as Required to Plead Direct Liability. ........................................................ 10

         2. Plaintiff Has Not Alleged Any Facts to Support an "Agency" Relationship
            Between Defendant and Any of the Purported Callers. ......................................... 13

     C. Plaintiff Fails To Plead Facts Supporting Other Elements of His DNC Registry Claim
        Under Section 227(c). ................................................................................................ 15

    D. Plaintiff Does Not Allege Willful or Knowing Violation of the TCPA. ......................... 20

   II.  ALTERNATIVELY, PLAINTIFF'S CLASS AND OTHER IMPROPER
      ALLEGATIONS SHOULD BE STRICKEN UNDER RULES 12(F) AND 23 .............. 21

CONCLUSION .................................................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aderhold v. Car2go N.A., LLC*,
   2014 WL 794802 (W.D. Wash. Feb. 27, 2014) ......................................................19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................4, 5

*Bank v. Philips Elecs. N. Am. Corp.*,
   2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015) .......................................................11

*Bank v. Pro Custom Solar LLC*,
   2020 WL 5242269 (E.D.N.Y. Mar. 31, 2020) .......................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................4, 5

*Belleville v. Florida Insur. Services, Inc.*,
   2024 WL 2342337 (S.D. Fla. May 23, 2024) ........................................................12

*Bentley v. Verizon Bus. Glob., LLC*,
   2010 WL 1223575 (S.D.N.Y. Mar. 31, 2010) .......................................................22

*Blount v. D. Canale Beverages, Inc.*,
   2003 WL 22890339 (W.D. Tenn. July 23, 2003) ...................................................25

*Cacho v. McCarthy & Kelly LLP*,
   739 F. Supp. 3d 195 (S.D.N.Y. 2024) ...................................................................10

*Canary v. Youngevity Int'l, Inc.*,
   2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) .......................................................21

*Cholly v. Uptain Grp., Inc.*,
   2017 WL 449176 (N.D. Ill. Feb. 1, 2017) .............................................................22

*Cunningham v. Politi*,
   2019 WL 2517085 (E.D. Tex. Apr. 30, 2019) .......................................................16

*Cunningham v. Rapid Capital Funding, LLC/RCF*,
   2017 WL 3574451 (M.D. Tenn. July 27, 2017) .....................................................15

*Dahdah v. Rocket Mortgage LLC*,
   2023 WL 5941730 (E.D. Mich. Sept. 12, 2023) ....................................................18

*Davis v. Navient Corp.*,
   2018 WL 1603871 (W.D.N.Y. Mar. 12, 2018) ................................................22, 23

*Duran v. La Boom Disco, Inc.*,
   955 F.3d 279 (2d Cir. 2020) ....................................................................................7

*Eggleston v. Reward Zone USA LLC*,
   2022 WL 886094 (C.D. Cal. Jan. 28, 2022) ..........................................................18

*Eldridge v. Pet Supermarket Inc.*,
   446 F. Supp. 3d 1063 (S.D. Fla. 2020) ..................................................................19

*Facebook, Inc. v. Duguid*,
  592 U.S. 395 (2021) .................................................................................................6

*Frank v. Cannabis & Glass, LLC*,
  2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ......................................................11

*Gen. Tel. Co. of the Sw. v. Falcon*,
  457 U.S. 147 (1982) ...............................................................................................22

*Gillam v. Reliance First Capital, LLC*,
  2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ..................................................passim

*Hale v. Teledoc Health, Inc.*,
  2021 WL 1163925 (S.D.N.Y. Mar. 25, 2021) ........................................................15

*Hall-Landers v. New York Univ.*,
  2024 WL 5431977 (S.D.N.Y. Dec. 6, 2024) ..........................................................23

*Hicks v. Alarm.com Inc.*,
  2020 WL 9261758 (E.D. Va. Aug. 8, 2020) ...........................................................16

*Hirsch v. USHealth Advisors, LLC*,
  337 F.R.D. 118 (N.D. Tex. 2020) ...........................................................................24

*Horton v. Tarrant Cty. Hosp. Dist.*,
  2022 WL 620950 (N.D. Tex. Mar. 3, 2022) ...........................................................18

*Hunter v. Time Warner Cable Inc.*,
  2019 WL 3812063 (S.D.N.Y. Aug. 14, 2019) ........................................................23

*In re Rules & Regs. Implementing the TCPA*,
  30 FCC Rcd. 7961 (2015) .......................................................................................13

*In re Rules & Regulations Implementing the Telephone Consumer Protection Act of
  1991*,
  18 F.C.C. Rcd. 14014 (2003) ...................................................................................8

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*,
  7 F.C.C. Rcd. 8752 (1992) .......................................................................................7

*Jackson v. Caribbean Cruise Line, Inc.*,
  88 F. Supp. 3d 129 (E.D.N.Y. 2015) ......................................................................14

*Jones v. Blackstone Med. Servs., LLC*,
  2025 WL 2042764 (C.D. Ill. July 21, 2025) ....................................................passim

*Lary v. Trinity Physician Fin. & Ins. Servs.*,
  780 F.3d 1101 (11th Cir. 2015) ..............................................................................21

*Loper Bright Enters. v. Raimondo*,
  603 U.S. 369 (2024) ..........................................................................................6, 8, 9

*Matthews v. Senior Life Ins. Co.*,
  2025 WL 1181789 (E.D. Va. Apr. 22, 2025) .........................................................12

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
  145 S. Ct. 2006 (2025) ......................................................................................8, 9

*Meeks v. Buffalo Wild Wings, Inc.*,
    2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)................................................................12

*Melito v. Am. Eagle Outfitters, Inc.*,
    2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015)..........................................................5, 14

*Metzler v. Pure Energy USA LLC*,
    2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023)................................................................11

*Morgan v. U.S. Xpress, Inc.*,
    2018 WL 3580775 (W.D. Va. July 25, 2018)..............................................................16

*Murray v. Choice Energy, LLC*,
    2015 WL 4204398 (S.D. Ohio July 10, 2015)............................................................13

*Nelums v. Mandu Wellness, LLC*,
    2023 WL 5607594 (D.N.M. Aug. 30, 2023) ..............................................................10

*Nicholas Greene v. Select Funding, LLC*,
    2021 WL 4926495 (C.D. Cal. Feb. 5, 2021)..............................................................18

*Norman v. Northern Ill. Gas Co. Inc.*,
    2014 WL 184774 (N.D. Ill. Jan. 16, 2014)............................................................19, 20

*Payne v. Sieva Networks, Inc.*,
    347 F.R.D. 224 (N.D. Cal. 2024)................................................................................24

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan
    Stanley Inv. Mgmt. Inc.*,
    712 F.3d 705 (2d Cir. 2013)..........................................................................................5

*Pepka v. Kohl's Dep't Stores, Inc.*,
    2016 WL 8919460 (C.D. Cal. Dec. 21, 2016)............................................................22

*Rogers v. Assurance IQ, LLC*,
    2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) ..................................................12, 16

*Satterfield v. Simon & Schuster, Inc.*,
    569 F.3d 946 (9th Cir. 2009) ....................................................................................7, 8

*Smith v. Vision Solar LLC*,
    2020 WL 5632653 (E.D. Pa. Sept. 21, 2020)............................................................16

*Sterling v. Securus Techs., Inc.*,
    2020 WL 2198095 (D. Conn. May 6, 2020)................................................................21

*Suttles v. Facebook, Inc.*,
    461 F. Supp. 3d 479 (W.D. Tex. 2020)......................................................................18

*VanderSloot v. Charles Baratta LLC*,
    2025 WL 1898929 (E.D.N.Y. July 9, 2025)................................................................10

*Weingrad v. Top Healthcare Options Ins. Agency Co.*,
    2024 WL 4228149 (E.D. Pa. Sept. 17, 2024)........................................................17, 21

*Wilson v. Skopos Fin., LLC*,
    2025 WL 2029274 (D. Or. July 21, 2025)..................................................................10

## STATUTES

47 U.S.C. § 227(b)...................................................................................................7, 8, 9

47 U.S.C. § 227(b)(2)...................................................................................................8

47 U.S.C. § 227(b)(3)(C)............................................................................................21

47 U.S.C. § 227(c)(2)....................................................................................................8

47 U.S.C. § 227(c)(5)...........................................................................................passim

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(c)..........................................................................................1, 6, 7, 17

47 C.F.R. § 64.1200(c)(2).............................................................................................5

47 C.F.R. § 64.1200(f)(15).........................................................................................17

## RULES

Fed. R. Civ. P. 12......................................................................................................23

Fed. R. Civ. P. 12(b)(6).......................................................................................passim

Fed. R. Civ. P. 12(f)..................................................................................................25

Fed. R. Civ. P. 23..................................................................................................3, 23

Fed. R. Civ. P. 23(b)(3)............................................................................................23

# INTRODUCTION

Plaintiff Chet Michael Wilson ("Plaintiff") asserts a single cause of action against Defendant Better Mortgage Corporation ("Defendant") under Section 227(c) of the Telephone Consumer Protection Act ("TCPA"), alleging a violation of the Do-Not-Call ("DNC") Registry regulations pursuant to 47 C.F.R. § 64.1200(c) (regulating text messages appearing to be transactional in nature). Plaintiff's claim in his Class Action Complaint (ECF No. 1, the "Complaint"), centers on his allegation that Defendant "delivered, or caused to be delivered" text messages to Plaintiff's cell phone number after he purportedly registered that number on the National DNC Registry. However, such text messages are not regulated by the TCPA's DNC Registry provision, and create no viable claim under Section 227(c) of the TCPA. Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

As an initial matter, text messages are not "calls" under Section 227(c) of the TCPA and its implementing regulations and, thus, are not covered by the statute. Even if they were considered "calls" (and they are not), not all calls to numbers registered on the National DNC Registry violate the TCPA. Rather, the TCPA prohibits only more than one "telephone *solicitation*" made "by or on behalf of the same entity" in a 12-month period to a "*residential* telephone subscriber" who has registered his number on the National DNC Registry. A TCPA DNC Registry claim requires the inclusion of factual allegations establishing that the phone line is used for

"residential" purposes, and that the communication constitutes a "telephone solicitation." Plaintiff's Complaint fails on all accounts and should be dismissed in its entirety on the following grounds:

**First**, the Court should dismiss the Complaint in its entirety and with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted because text messages did not exist at the time the TCPA was enacted and, therefore, are not "calls" regulated by Section 227(c) of the TCPA and its implementing regulations.

**Second**, the Complaint should also be dismissed under Rule 12(b)(6) because it fails to sufficiently allege that Defendant (i) took any steps to "physically" send the subject text messages, as required for direct TCPA liability or (ii) had an agency relationship with or control over any third parties who did, as required to allege vicarious TCPA liability.

**Third**, Plaintiff fails to allege a DNC Registry claim or facts supporting the essential elements of such a claim. In this regard, Plaintiff has not pled sufficient non-conclusory facts showing he (i) is a "residential telephone subscriber," as required to state a claim under Section 227(c)(5) of the TCPA and its implementing regulations, and (ii) he received any "telephone solicitation" in a 12-month period that was physically initiated "by or on behalf of [Defendant]."

**Fourth**, Plaintiff seeks treble damages without pleading any facts to show that Defendant's alleged conduct was "willful" or "knowing." The absence of such allegations requires dismissal under Rule 12(b)(6).

**Finally,** the class allegations are so facially inadequate that certification cannot be granted as pled, as common questions of law and fact do not predominate. If the Court does not dismiss the Complaint in its entirety, it should strike the improper class allegations under Rules 12(f) and 23.

## RELEVANT COMPLAINT ALLEGATIONS

Plaintiff's relevant, non-conclusory allegations are minimal. Plaintiff alleges that he is and has been the "subscriber" and "customary user" of the "cellular telephone number" (541)-XXX-9999 for "at least" five years. ECF No. 1 ¶ 8. Plaintiff contends that he "registered his number" on the National DNC Registry "at least 30 days prior to receiving the calls at issue." *Id*. ¶ 9.

According to Plaintiff, Defendant "delivered, or caused to be delivered" text messages to the subject phone number, on April 2, 2022 and April 4, 2022, that were sent to "advertise and market Defendant's business or services" and intended for someone other than Plaintiff. *Id*. ¶¶ 10, 11, 14, 15. Plaintiff includes screenshots of two text messages allegedly sent to a person named "Joseph," relating to a pending loan application. *Id*. ¶ 12. Plaintiff contends he "did not give Defendant prior express consent or permission" to text his phone number and "did not request information or

promotional materials" from Defendant. *Id*. ¶¶ 16-17. He alleges, "[u]pon information and good faith belief," that Defendant "knew or should have known" that the subject phone number was registered with the National DNC Registry. *Id*. at ¶ 19. This is the extent of Plaintiff's "factual" allegations.

Plaintiff purports to bring this claim on behalf of a putative class as follows:

> All persons throughout the United States (1) who did not provide their telephone number to Better Mortgage Corp., (2) to whom Better Mortgage Corp. delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Better Mortgage Corp. goods or services, (3) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Better Mortgage Corp. delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

*Id*. ¶ 20.

## <u>APPLICABLE LEGAL STANDARD</u>

Rule 12(b)(6) mandates dismissal of a complaint that fails to state a claim for relief. To avoid dismissal, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders

naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks and citation omitted); *see also Twombly*, 550 U.S. at 570 (a plaintiff must allege facts that nudge their claims across the line from merely "conceivable" to "plausible"). While the Court must generally accept well-pleaded factual allegations as true, it need not for legal conclusions couched as fact, unwarranted or unreasonable inferences, or unsupported speculation. *See e.g., Iqbal*, 556 U.S. at 678-79; *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 724 (2d Cir. 2013) (affirming dismissal where plaintiff "does not support its [] claim with factual allegations sufficient to elevate it from the realm of mere 'legal conclusions'") (citing *Iqbal*, 556 U.S. at 679); *Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *3 (S.D.N.Y. Nov. 30, 2015) ("[L]egal conclusion[s] couched as a factual allegation" will not prevent dismissal.).

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA.

Plaintiff's Complaint asserts a single cause of action for violation of Section 227(c) of the TCPA, which prohibits "initiat[ing]" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). As shown below, Plaintiff's DNC Registry claim fails for several reasons.

## A. <u>Section 227(c) of the TCPA Does Not Apply To Text Messages.</u>

Section 227(c)(5) of the TCPA provides a private right of action to "[a] person who has received more than one ***telephone call*** within any 12-month period … in violation of the regulations prescribed under this subsection …." 47 U.S.C. § 227(c)(5) (emphasis added). This section of the TCPA "does not mention text messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages." *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at \*5 (C.D. Ill. July 21, 2025). The implementing regulations enacted by the Federal Communications Commission ("FCC") under Section 227(c) reference only "telephone solicitations" and are likewise devoid of any reference to text messages. *See* 47 C.F.R. § 64.1200(c). These terms must be interpreted in the context in which the TCPA was enacted in 1991. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 405 (2021).

"Every statute's meaning is fixed at the time of enactment." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) (citation omitted). Courts "must interpret what Congress wrote" when the statute was enacted and cannot rewrite the TCPA to update it for modern technology. *Facebook, Inc.*, 592 U.S. at 409. "Text messaging was not an available technology in 1991 [when the TCPA was enacted], and thus 'telephone call' would ***not*** have included text messages or SMS messages." *Jones*, 2025 WL 2042764, at \*4 (emphasis added); *see also* Telephone Consumer

Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991). "Thus, under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages." *Jones*, 2025 WL 2042764, at *4.

The FCC's authority to implement regulations under Section 227(c) was limited to "the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations," and which were to issue within nine months from December 20, 1991. 47 U.S.C. § 227(c). Those regulations were implemented in 1992, as authorized, and do not discuss or refer to text messages. 47 C.F.R. § 64.1200(c); *see also In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752 (1992).

In his Complaint, Plaintiff cites *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020), and *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009), for the proposition that a text message is a "call" as defined by the TCPA. *See* ECF No. 1 ¶ 50. However, both of those decisions evaluated text messages under Section 227(b), which is not at issue in this case. *See Duran*, 955 F.3d at 280 (addressing the definition of an ATDS under Section 227(b) of the TCPA); *Satterfield*, 569 F.3d at 954 (finding that the "language and purpose of the TCPA support the conclusion that the ***use of an ATDS*** to make any call, regardless of whether that call is communicated by voice or text, is prohibited") (emphasis

added)). The Ninth Circuit in *Satterfield* also confirmed that "the statute is silent as to whether a text message is a call within the Act" and instead deferred to the FCC's 2003 Order in finding text messages can be considered calls under Section 227(b) of the TCPA. *Id*.

While the FCC previously stated in its 2003 Order that, under some circumstances, "calls" do include "text messages," that Order only addressed text messages in the context of the TCPA's automated calling provision, Section 227(b), which is not at issue in this lawsuit. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115-16 at ¶ 165, n.603-605 (2003); *see also Jones*, 2025 WL 2042764, at *4 ("on its face…, the 2003 Order explicitly references only Section 227(b)"). Moreover, the FCC was not subject to the same limited authority in regard to Section 227(b), as under Section 227(c). *Compare* 47 U.S.C. § 227(b)(2) *with* 47 U.S.C. § 227(c)(2).

Regardless, the FCC's prior 2003 interpretation is not entitled to deference. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2013 (2025) ("[T]he Hobbs Act does not preclude district courts in enforcement proceedings from independently assessing whether an agency's interpretation of the relevant statute is correct."); *see also Loper*, 603 U.S. at 401 (overruling *Chevron* deference, finding "*Chevron* gravely erred [ ] in concluding that the inquiry is fundamentally different just because an administrative interpretation is in play").

This is true even though Section 227(c) of the TCPA affords certain rulemaking authority to the FCC. Under *McLaughlin* and *Loper*, courts must "independently interpret" statutes under ordinary principles of statutory interpretation—even where the statute delegates discretionary authority to an agency—and must interpret the statute as "if no agency were involved." *Loper*, 603 U.S. at 400.

Applying *McLaughlin* and *Loper* leads to the conclusion that Section 227(c) of the TCPA does **not** extend to communications, like text messages, that did not exist at the time the TCPA was enacted. *See Jones*, 2025 WL 2042764, at \*4-5 ("While the Court affords a certain amount of respect to the FCC's interpretation of the terms used in the TCPA, the fact remains that Section 227(c)(5) of the TCPA includes 'telephone call' and does not mention text messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages.") (citing *Loper* and Alex Fitzpatrick, *How Text Messages Are Being Killed and Replaced*, TIME (Dec. 3, 2014), https://time.com/3612277/text-message-history-future/ ("The world's very first text message, sent Dec. 3, 1992 . . . .")).

Accordingly, because Plaintiff only alleges he received text messages from Defendant, the Complaint should be dismissed in its entirety and with prejudice under Rule 12(b)(6).[1]

---

[1] While one district court recently reached a different conclusion, its holding relied heavily on FCC authority relating to Section 227(b) which, again, is not at issue in

**B. Plaintiff's Complaint Does Not Plausibly Allege Any Theory of Liability Against Defendant.**

Even if the Court finds that Section 227(c) applies to text messages (it does not), Plaintiff fails to allege adequate facts to support either direct or vicarious liability under the TCPA, which is fatal to his claim and warrants dismissal. *See, e.g., Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 218 (S.D.N.Y. 2024) ("Plaintiff's failure to plead either direct or vicarious liability under 47 U.S.C. § 227(c)(5) is fatal to his TCPA claims."); *Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of the TCPA and [an equivalent state statute]—that Defendants were directly or vicariously liable for the [subject] text messages—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead the other elements" of the asserted claims.).

**1. Plaintiff Does Not Plausibly Allege that Defendant Physically Sent the Subject Texts, as Required to Plead Direct Liability.**

Direct TCPA liability applies <u>only</u> to persons or entities that "initiate" telemarketing calls. *VanderSloot v. Charles Baratta LLC,* 2025 WL 1898929, at *7 (E.D.N.Y. July 9, 2025). "[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include

---

this case and in any event is not entitled to deference. *See Wilson v. Skopos Fin., LLC*, 2025 WL 2029274, at *4 (D. Or. July 21, 2025).

persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Bank v. Pro Custom Solar LLC*, 2020 WL 5242269, at *2 (E.D.N.Y. Mar. 31, 2020). In other words, for direct TCPA liability to attach, Plaintiff must plausibly allege ***Defendant itself—not some unidentified third party—texted him <u>directly</u>***. "Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim" and cannot survive dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019); *see also Metzler v. Pure Energy USA LLC*, 2023 WL 1779631, at *6 (S.D.N.Y. Feb. 6, 2023) (holding all TCPA plaintiffs must "allege facts from which the Court can plausibly infer that [d]efendant has direct liability, even if it is also plausible that a third party made the call").

Here, Plaintiff alleges that Defendant either "delivered, or caused to be delivered" the alleged text messages to his cell phone. ECF No. 1 ¶¶ 11, 13. In other words, Plaintiff does not know whether Defendant sent the text messages itself or hired an unidentified third-party vendor to send them. The Complaint is devoid of any facts from which the Court could infer who physically sent the text messages. This equivocal and conclusory "either/or" pleading approach has been widely rejected by federal district courts in the TCPA context. *See, e.g., Bank v. Philips Elecs. N. Am. Corp.,* 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015) (plaintiff's allegations that

the calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]" were "too conclusory to state a plausible claim" for direct TCPA liability); *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025) (dismissing TCPA claim where complaint contained only conclusory allegations that the calls came "from" the defendant).

Further, Plaintiff's sole, inexplicit factual allegation—provided only through a screenshot—connecting Defendant to the subject messages is that Defendant's name is referenced in the text copy. *See* ECF No. 1 ¶ 12. This is insufficient. Courts have consistently recognized that even a call or text allegedly identifying the defendant by name, referencing the defendant's products, containing a link to the defendant's website and/or originating "from" the defendant does support a plausible inference that the defendant itself physically placed the call for direct TCPA liability purposes, standing alone. *See, e.g., Belleville v. Florida Insur. Services, Inc.,* 2024 WL 2342337, at *1-4 (S.D. Fla. May 23, 2024), *report and rec. adopted in part,* 2024 WL 2794108 (May 31, 2024) (dismissing, even though one caller said they were calling "from" the defendant, offered services from the defendant, and provided the defendant's website on the call); *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *1–5 (N.D. Cal. Mar. 28, 2018) (finding no direct liability, even though at-issue text identified defendant by name and contained a link to its website); *Rogers v. Assurance IQ, LLC,* 2023 WL 2646468, at *5 (W.D. Wash. Mar. 27, 2023) (dismissing where the

complaint alleged one defendant "physically" placed the subject calls, noting "[p]laintiffs have not pleaded any *facts* supporting their inference that [defendant] physically dialed the calls to four of the individual plaintiffs" (emphasis in original)); *Murray v. Choice Energy, LLC*, 2015 WL 4204398, at *2 (S.D. Ohio July 10, 2015) (dismissing, even though plaintiff was "informed that the call was from Choice Energy," where there were "no factual allegations … that Choice Energy had any active role or involvement in [physically] placing the calls"). Simply put, alleging only the content of the communications, as Plaintiff does here, is insufficient to support an inference of direct liability.

In short, there must be a "direct connection between a person or entity and the making of a call" for direct TCPA liability; indirect connections will not suffice. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 7980 (2015). No such "direct connection" has been alleged here. Consequently, Plaintiff's Complaint should be dismissed on direct liability grounds.

### 2. Plaintiff Has Not Alleged Any Facts to Support an "Agency" Relationship Between Defendant and Any of the Purported Callers.

Plaintiff does not appear to assert a vicarious liability claim against Defendant; to the extent he does, such a claim fails as well.

Vicarious liability must be pled with specifics. Plaintiff is required, but fails, to allege factual details supporting an agency relationship between Defendant and

any third party that allegedly sent the subject text messages. *See Melito v. Am. Eagle Outfitters, Inc.,* 2015 WL 7736547, at *7 (S.D.N.Y. Nov. 30, 2015) (dismissing where plaintiff did not plead facts supporting vicarious TCPA liability). Federal courts apply common law agency principles to determine vicarious TCPA liability. *See Jackson v. Caribbean Cruise Line, Inc.,* 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015). "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Id.* (quoting Restatement § 1.01).

Moreover, in the context of the TCPA, courts have widely held that vicarious liability cannot attach without the essential ingredient of control. *See, e.g., Melito,* 2015 WL 7736547, at *7 ("[T]o plead vicarious liability under the TCPA in accordance with traditional tort principles, Plaintiffs must allege some facts regarding the relationship between an alleged principal and agent (or an alleged agent and sub-agent) and cannot simply allege general control in a vacuum."). To adequately plead "control," Plaintiff must plead specific non-conclusory facts suggesting that the defendant had control over the means and details of the solicitation campaign that was conducted, and not just general "control" over an alleged agent. *See id*.

Here, Plaintiff does not allege any facts demonstrating the "essential ingredient" of control, as required to state a vicarious TCPA liability claim. *See Jones,*

887 F.3d at 450. The only "facts" Plaintiff alleges to connect Defendant to the subject text messages is a screenshot showing that Defendant's name was referenced in the text copy. ECF No. 1, ¶ 12. However, as explained *supra* at Section I.B.1., the mere identification of Defendant's name alone is insufficient to establish any theory of liability against Defendant, let alone one based upon vicarious liability.

As such, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) on this additional basis. *See, e.g., Hale v. Teledoc Health, Inc.,* 2021 WL 1163925, at *4 (S.D.N.Y. Mar. 25, 2021) (dismissing on ground that plaintiff "fail[ed] plausibly to allege any agency relationship," where only allegations were that the defendant's services were mentioned in the subject communications); *Cunningham,* 2021 WL 1946645, at *4 (dismissing and holding that a plaintiff "must allege some factual predicate that gives rise to an inference of an agency relationship").

## C. Plaintiff Fails To Plead Facts Supporting Other Elements of His DNC Registry Claim Under Section 227(c).

Beyond the fatal threshold issues discussed above, Plaintiff's DNC Registry claim under Section 227(c) of the TCPA fails for several additional reasons:

**First**, the TCPA's National DNC Registry provisions apply only to "residential telephone subscribers." 47 U.S.C. § 227(c)(5). To survive dismissal, Plaintiff must allege *facts* showing that the phone number is *actually used* for "residential" purposes. *See, e.g., Cunningham v. Rapid Capital Funding, LLC/RCF,* 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *report and rec. adopted,* 2017 WL

3776165 (Aug. 31, 2017) (dismissing Section 227(c)(5) claim where "Plaintiff has not alleged facts showing his cell phones are used for residential purposes"); *see also Morgan v. U.S. Xpress, Inc.,* 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018) (dismissing similar TCPA claim, holding plaintiff's characterizations that her number is a "residential" line "are not factual allegations, but legal terms drawn from the operative statute"). This is true even if the phone number is allegedly on the National DNC Registry. *See, e.g., Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (dismissing despite registration where plaintiff did not allege the "cell phone line in question is his residential phone, as required"); *Hicks v. Alarm.com Inc.*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 8, 2020) ("Plaintiff argues at length that cellular phone numbers are eligible for listing on the Do Not Call registry … but his argument never returns to the facts of ***this*** case or the use of his phone.") (emphasis original).[2] Indeed, "[t]hese are facts that are easily within the knowledge of [Plaintiff] and can be pleaded to remove any doubt about … whether [their] number[] [is] for residential use." *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *4.

Even in the face of such firmly established precedent, Plaintiff fails to allege any facts whatsoever suggesting that the alleged phone number was used for

---

[2] *See also Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *4; *Cunningham v. Politi*, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL 2524737 (June 19, 2019); *Gillam v. Reliance First Capital, LLC*, 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023) (all dismissing DNC claims under Rule 12(b)(6) on this basis).

residential purposes. In fact, the Complaint does not even reference the word "residential" once in connection with the subject phone number. *See* ECF No. 1 ¶¶ 8-19. Plaintiff's failure to make even a conclusory attempt to allege "residential" use is telling, and such an omission makes Plaintiff's pleading fall far short of meeting the plausibility requirements of Rule 12(b)(6).

**Second**, Plaintiff's DNC Registry claim also fails because he does not allege sufficient facts supporting an inference that the texts constituted "telephone solicitations," as required to state a claim under Section 227(c). *See* 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(c). A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15).

Federal courts routinely dismiss National DNC Registry claims where the plaintiff fails to plead sufficient facts demonstrating that the calls alleged fit this definition. *See*, *e.g.*, *Gillam v. Reliance First Capital, LLC,* 2023 WL 2163775, at *3 (E.D.N.Y. Feb. 22, 2023) (dismissing where plaintiff "merely conclude[d], without any factual support, that [defendant's] agent 'solicit[ed] refinancing products'"); *Weingrad v. Top Healthcare Options Ins. Agency Co.*, 2024 WL 4228149, at *3-4 (E.D. Pa. Sept. 17, 2024) (dismissing where plaintiff "only plead[ed] [that] 'the purpose of the [subject] call was to sell the Plaintiff health insurance" and thus did

"not plead a statutory violation without 'further factual enhancement,'" as required by federal pleading standards); *Dahdah v. Rocket Mortgage LLC*, 2023 WL 5941730, at *3 (E.D. Mich. Sept. 12, 2023), *vacated on other grounds by* 2023 WL 11944898 (E.D. Mich. Nov. 17, 2023) (dismissing where the subject communications did not solicit the plaintiff to purchase anything); *Eggleston v. Reward Zone USA LLC,* 2022 WL 886094, at *7 (C.D. Cal. Jan. 28, 2022) (dismissing and holding: "Plaintiff simply relies on conclusory labels such as 'advertisement' and 'promotion' without any supporting factual detail. This falls short of Plaintiff's burden to plead sufficient factual matter to state a plausible claim" under Section 227(c)); *Nicholas Greene v. Select Funding, LLC*, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (dismissing where plaintiff did not allege the content of the calls, such "that would allow the Court to reasonably infer" they were all "telephone solicitations").

This is particularly true where (as here) the content of the communication, as pled, is not indicative of a solicitation or telemarketing on its face. *See, e.g.*, *Suttles v. Facebook, Inc.,* 461 F. Supp. 3d 479, 482-83 (W.D. Tex. 2020) (dismissing, finding the subject texts were not "telephone solicitations" where they did not encourage plaintiff to make a purchase); *Horton v. Tarrant Cty. Hosp. Dist.,* 2022 WL 620950, at *2 (N.D. Tex. Mar. 3, 2022) (dismissing on this basis, finding text was not a "telephone solicitation" because, "[o]n its face, the message is informational and says

nothing about purchasing any product or service"; and noting that "even if the alleged text message contained a link to [the defendant's] website, that link does not transform an informational message into an advertisement.") (citations omitted); *see also Norman v. Northern Ill. Gas Co. Inc.*, 2014 WL 184774, at *2 (N.D. Ill. Jan. 16, 2014) (dismissing a claim where the plaintiff failed to allege that the defendant "encouraged the purchase or rental or investment in any goods or services" despite multiple alleged calls from the defendants with knowledge that the plaintiff was not the correct party).

Here, none of the alleged text messages of which Plaintiff complains, per the screenshots in the Complaint, offered to sell Plaintiff any goods or services on their face—to the contrary, they are soliciting information *from* the intended recipient in an apparent response to a previously submitted loan application. *See* ECF No. 1 ¶ 12. Such content does not constitute a "telephone solicitation," and cannot support Plaintiff's DNC Registry claim. *See, e.g., Aderhold v. Car2go N.A., LLC*, 2014 WL 794802, at *9 (W.D. Wash. Feb. 27, 2014) (dismissing where the subject text only urged the plaintiff to complete a registration, regardless of whether the plaintiff provided consent); *Eldridge v. Pet Supermarket Inc.*, 446 F. Supp. 3d 1063, 1068 (S.D. Fla. 2020) (dismissing where "[n]either of these texts promoted any of [defendant's] products or services, or referenced shopping or purchasing. And the mere fact that the texts . . . may encourage him to purchase Defendant's products in the future, is simply too attenuated to give rise to a clear, unequivocal implication of

advertising. Thus, Plaintiff has failed to sufficiently allege that these text messages violate the TCPA.") (internal quotation marks omitted). Even though Plaintiff's name may differ from that of the addressee, *see* ECF No. 1 ¶ 12, this does not change the result. *See Norman*, 2014 WL 184774, at *2 (finding plaintiff failed to adequately allege a "telephone solicitation" where the caller was not encouraging plaintiff to make a purchase but was instead an attempt to reach someone other than plaintiff).

Furthermore, while Plaintiff contends he did not give his "prior express consent or permission" or "request" the subject text messages, Plaintiff fails to plead facts to support the lack of an established business relationship with Defendant. ECF No. 1 ¶¶ 16-17. Plaintiff does not allege that he never provided his phone number to, and did not agree to be contacted by, Defendant. This also provides grounds for dismissal. *See Gillam*, 2023 WL 2163775, at *3 (dismissing TCPA DNC claim for failure to plead lack of prior express invitation or permission or established business relationship).

In sum, Plaintiff fails to plausibly allege that he received any "telephone solicitation" (let alone more than one) in violation of the TCPA's DNC provisions. Thus, his DNC Registry claim should be dismissed for this additional reason.

### D. **Plaintiff Does Not Allege Willful or Knowing Violation of the TCPA.**

The Complaint's prayer for treble damages is also subject to dismissal under Rule 12(b)(6) because Plaintiff fails to allege any factual content suggesting that Defendant engaged in "willful" or "knowing" violations of the TCPA. *See* ECF No.

1 ("Prayer"). The TCPA allows a court to treble an award of damages under the TCPA "if the fact-finder determines [defendant] 'willfully or knowingly violated' the Telephone Consumer Protection Act." *Weingrad v. Top Healthcare Options Ins. Agency Co.,* 2024 WL 4228149, at *5 (E.D. Pa. Sept. 17, 2024) (citing 47 U.S.C. § 227(b)(3)(C)). However, Plaintiff includes no factual allegations whatsoever to show Defendant's alleged conduct was "willful" or "knowing," so these claims for treble damages must be dismissed as well. *See, e.g., Sterling v. Securus Techs., Inc.,* 2020 WL 2198095, at *6 (D. Conn. May 6, 2020) (dismissing claims of knowing and willful violations where allegations that TCPA violations were mere legal conclusions unsupported by further specific factual allegations); *Canary v. Youngevity Int'l, Inc.,* 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019) (dismissing claim for alleged willful/knowing TCPA violations, in part, because it "consist[ed] of nothing more than bare-bones legal conclusions"); *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1107 (11th Cir. 2015) (finding plaintiff's "bare assertion . . . that the defendants 'willfully' and 'knowingly' violated the [TCPA]" failed to establish that defendant acted "willfully or knowingly," as this "was a legal conclusion, not an allegation of fact that we must accept as true").

## II. ALTERNATIVELY, PLAINTIFF'S CLASS AND OTHER IMPROPER ALLEGATIONS SHOULD BE STRICKEN UNDER RULES 12(F) AND 23.

It is well settled that "[s]ometimes the issues are plain enough from the

pleadings" to determine that a case should not proceed as a class action and, thus, that a court may properly resolve class certification at the pleadings stage on a defendant's motion to strike before the plaintiff has moved to certify. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also Davis v. Navient Corp.*, 2018 WL 1603871, at *5 (W.D.N.Y. Mar. 12, 2018) (finding that a motion to strike class allegations is "'procedurally permissible' at the pleading stage.") *report and rec. adopted*, 2019 WL 360173 (W.D.N.Y. Jan. 29, 2019) (collecting cases).

Courts routinely find proposed classes to be uncertifiable and strike them at the pleadings stage, where *inter alia*, common questions of law or fact do not predominate and individualized determinations would be required.[3] *See, e.g., Pepka v. Kohl's Dep't Stores, Inc.,* 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016) (granting motion to strike TCPA class allegations at pleadings stage because "no matter what that discovery might show, the fact remains Plaintiff's allegations require an individualized inquiry into questions such as which of the class members granted consent in the first place, who among that group revoked consent, and whether such revocation was proper and put Defendant on notice."); *Cholly v. Uptain Grp., Inc.,* 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017) (granting motion to strike TCPA class

---

[3] Plaintiff also seeks to represent a class of individuals who received "voice message[s]." ECF No. 1 ¶ 20. However, Plaintiff does not allege he received any voice messages and, therefore, lacks standing to represent such a class. *See Bentley v. Verizon Bus. Glob., LLC,* 2010 WL 1223575, at *4 (S.D.N.Y. Mar. 31, 2010) ("A class representative must be a member of the class.").

allegations at pleadings stage where individualized inquiries regarding revocation of consent would predominate); *see also Davis*, 2018 WL 1603871, at *5 (granting Rule 12 motion to strike and finding plaintiff's allegations were insufficient "to show that it is plausible that plaintiffs will be able to satisfy the Rule 23 requirements after conducting discovery," where individualized inquiries regarding fraud claims predominated). Such is true here.

Courts have consistently denied class certification where, as here, individualized consent inquiries predominate. *See, e.g., Hunter v. Time Warner Cable Inc.*, 2019 WL 3812063, at *17 (S.D.N.Y. Aug. 14, 2019) ("In joining the chorus of other courts faced with TCPA class actions that have found such individualized inquiries on the consent issue precluded class certification, the Court finds itself in good company."). Courts have also stricken TCPA class allegations at the pleadings stage for this reason. *See, e.g.*, *Davis*, 2018 WL 1603871, at *5.

Under Rule 23(b)(3), "questions of law or fact common to class members must predominate over any questions affecting only individual members[.]" *Hall-Landers v. New York Univ.*, 2024 WL 5431977, at *14 (S.D.N.Y. Dec. 6, 2024). This determination turns on "whether resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof and whether these particular issues are more substantial than the issues subject only to individualized proof." *Id*. Here, there are at least two

issues for which individualized issues predominate: (1) provision of a telephone number to Defendant and (2) residential status.

While Plaintiff's proposed class does not directly use the word "consent," class membership turns on a class member's not having provided their telephone number to Defendant or having an established business relationship with Defendant. How the putative class members may have "provided" their telephone number(s) or established a business relationship may differ from person to person. Therefore, this is not a common question that can be resolved by generalized proof across the entire class in a single adjudication. Individualized inquiries are necessary.

Individualized inquiries are also required to determine whether each class member utilized their number for "residential" purposes—yet another key element of any Section 227(c) claim and of Plaintiff's proposed class definition. *See, e.g.*, *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 135 (N.D. Tex. 2020) (questions such as residential status "require 'evidence that varies from member to member'"); *Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 228 (N.D. Cal. 2024) (denying class certification without evidence where "[r]esolving each phone number's residential status requires a fact-intensive inquiry"). Plaintiff's class definition should be

stricken on this additional basis.[4]

## CONCLUSION

For all the reasons above, the Complaint should be dismissed.


Dated:  New York, New York
        August 28, 2025

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP


By*:*  _/s/ John W. McGuinness_____
       John W. McGuinness
       Bryce T. Brenda
       7 Times Square
       New York, NY 10036
       Telephone:  (212) 790-4599
       Facsimile: (212) 790-4545
       jmcguinness@manatt.com
       bbrenda@manatt.com

       *Attorneys for Defendant*
       *Better Mortgage Corp.*

---

[4] With Plaintiff's proposed class definitions appropriately stricken for the myriad reasons above, all of Plaintiff's remaining class-related allegations (*e.g.*, ECF No. 1 ¶¶ 21-47) are superfluous and immaterial and, as such, should be stricken as well. *See Blount v. D. Canale Beverages, Inc.*, 2003 WL 22890339, at *8 (W.D. Tenn. July 23, 2003) (striking under Rule 12(f) as "immaterial" after dismissal of underlying claims).