# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. 25-cv-5503-PAE |
| Plaintiff, | : : | |
| v. | : : | **FIRST AMENDED COMPLAINT –** |
| BETTER MORTGAGE CORP. | : : | **CLASS ACTION** |
| Defendant. | : : : | **JURY TRIAL DEMANDED** |

1. Chet Michael Wilson ("Plaintiff") brings this class action against Better Mortgage Corp. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. Defendant directed calls to Plaintiff's cellular telephone from this district as well as calls to a number on the National Do Not Call Registry.

## Parties

6. Plaintiff is a natural person.

7. Defendant is a corporation that resides in this District.

## Factual Allegations

8. Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

9. Plaintiff does not use, and at no time has he used, telephone number (541) XXX-9999 for business or commercial purposes.

10. The Plaintiff uses that number for personal and household purposes.

11. Plaintiff does not have a landline telephone number in his home.

12. Plaintiff uses his cellular phone number for personal use only as one would use a landline telephone number in a home.

13. Plaintiff uses his cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

14. Plaintiff is not reimbursed by a business for his cell phone plan.

15. Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue.

16. Defendant placed calls to telephone number (541) XXX-9999 intending to reach someone other than Plaintiff.

17. Defendant delivered, or caused to be delivered, text messages to telephone number (541) XXX-9999 in in 2022, including on April 2, 2022 and April 4, 2022.

18. Some of the text entries are below:



19. The Plaintiff is alleging that the Defendant sent the text messages at issue.

20. The text messages Plaintiff received were explicitly branded as coming "from Better Mortgage".

21. The text messages were also signed by individuals identifying themselves as "Chloe" and "Joshua," both of whom referenced Better Mortgage by name and included Defendant's NMLS number (#330511).

22. The NMLS number #330511 referenced in the subject text messages is registered to Better Mortgage Corp. in the Nationwide Multistate Licensing System & Registry.

23. Defendant is required by federal and state law to include its NMLS identifier in consumer communications relating to mortgage loan origination, advertising, and solicitation.

24. No other entity may lawfully use or advertise with NMLS #330511, as it is unique to Defendant and publicly searchable in the NMLS Consumer Access database.

25. The inclusion of NMLS #330511 in the subject text messages thus confirms that they were initiated by Defendant.

26. Further, the text messages specifically referenced a "recent application" for a mortgage, even though Plaintiff never submitted any such application.

3

27. Because only Better Mortgage would have access to and maintain records of applications for its loan products, the references to an "application" demonstrate that the messages originated from Defendant.

28. Defendant delivered, or caused to be delivered the subject text messages to telephone number (541) XXX-9999 thirty-one or more days after Plaintiff registered telephone number (541) XXX-9999 with the DNC Registry.

29. The subject text messages were intended for someone other than, and unknown to, Plaintiff.

30. The purpose of the subject text messages was to advertise and market Defendant's business or services.

31. Plaintiff never applied for a loan with Better Mortgage, never submitted a loan application to Defendant, and never provided Defendant with any financial or asset information.

32. The subject text messages' references to a "recent application" were therefore false and pretextual.

33. They were crafted to induce Plaintiff to begin or continue the mortgage application process with Better Mortgage.

34. The purpose of the subject messages was to generate new business for Better Mortgage by encouraging the recipient to apply for a mortgage loan and supply financial information.

35. The text messages were addressed to "Joseph," a person unknown to Plaintiff, showing that Defendant sent them to numbers not associated with any valid loan applicant.

36. Better Mortgage is a mortgage lender that generates revenue by originating mortgage loans for consumers.

37. Its profits depend directly on convincing consumers to submit applications and complete loan transactions.

38. The subject text messages were designed to solicit consumers to provide financial and asset information under the guise of a "recent application."

39. In truth, Plaintiff had not applied for any loan, and the references to an application were a pretext to induce him to engage with Better Mortgage's sales funnel.

40. Better Mortgage employs text-message campaigns to identify and capture potential borrowers, to build application pipelines, and ultimately to generate origination fees, interest, and servicing rights associated with funded loans.

41. Each consumer who responds to such a message provides Defendant with an opportunity to earn substantial revenue through the extension of credit and related financial products.

42. Because Better Mortgage earns money only when consumers apply for and close on loans, the subject messages were intended to serve as solicitations to purchase mortgage services — not as neutral or informational communications.

43. The fact that the messages were addressed to "Joseph," a name wholly unconnected to Plaintiff, underscores that these were not individualized status updates but rather bulk solicitations sent to multiple numbers in an effort to generate new business.

44. Such conduct qualifies as a "telephone solicitation" under 47 C.F.R. § 64.1200(f)(15), which defines a solicitation as the initiation of a call or message for the purpose of encouraging the purchase of property, goods, or services.

45. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (541) XXX-9999.

46. Plaintiff did not request information or promotional materials from Defendant.

47. Plaintiff does not have an established business relationship with the Defendant.

48. Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

49. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (541) XXX-9999 was registered with the DNC Registry.

50. Better Mortgage knew or should have known it was targeting individuals whose numbers were not linked to legitimate applications, demonstrating that these messages were mass solicitation campaigns rather than individualized informational updates.

51. Defendant has long been on notice of its obligations under the Telephone Consumer Protection Act, including the prohibition on delivering solicitation calls or text messages to numbers registered on the National Do Not Call Registry.

52. Despite this notice, Defendant or its agents deliberately targeted Plaintiff's number even though it had been listed on the DNC Registry for more than thirty days before the subject messages were sent.

53. By continuing to send solicitation texts to numbers on the Registry, Defendant acted in conscious disregard of the rights of consumers such as Plaintiff.

54. The subject text messages were addressed to "Joseph," a person wholly unrelated to Plaintiff. This obvious mismatch between the recipient and the intended addressee was a clear

indicator that Defendant's marketing campaign was contacting individuals without consent and without regard to whether the intended recipient had a business relationship with Defendant.

55. Defendant ignored these red flags and continued to disseminate its messages, demonstrating reckless indifference to whether its conduct violated the TCPA.

56. Accordingly, Defendant's actions were knowing and willful within the meaning of 47 U.S.C. § 227(c)(5)(C), entitling Plaintiff and the class to treble damages.

57. Furthermore, Defendant's use of scripted messaging, uniform branding, and a single NMLS number (#330511) shows that consent and liability determinations do not require individualized inquiry but instead can be resolved through common proof of Defendant's marketing practices.

58. Indeed, Defendant is mandated to maintain records of its outbound text campaigns, including the telephone numbers targeted, the content of the messages, and the vendors or platforms used to transmit them. These records will allow the identification of class members in an objective and administratively feasible manner.

59. Because Defendant's text campaigns were centrally created, branded, and deployed, whether Defendant's conduct violated the TCPA is a common question capable of class-wide resolution.

60. The issues of consent, residential use, and statutory violation can be determined by examining Defendant's uniform practices and records, rather than through individualized inquiries into each class member's circumstances.

## Class Action Allegations

61. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) who did not provide their telephone number to Better Mortgage Corp., (2) to whom Better Mortgage Corp. delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Better Mortgage Corp. goods or services, (3) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Better Mortgage Corp. delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

62. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

63. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

64. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

65. The class is ascertainable because it is defined by reference to objective criteria.

66. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

67. Plaintiff's claims are typical of the claims of the members of the class.

68. As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

69. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

70. Plaintiff's claims are based on the same theories as are the claims of the members

of the class.

71. Plaintiff suffered the same injuries as the members of the class.

72. Plaintiff will fairly and adequately protect the interests of the members of the class.

73. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

74. Plaintiff will vigorously pursue the claims of the members of the class.

75. Plaintiff has retained counsel experienced and competent in class action litigation.

76. Plaintiff's counsel will vigorously pursue this matter.

77. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

78. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

79. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

   b. Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. Defendant's violations of the TCPA; and

   d. The availability of statutory penalties.

80. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

81. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

82. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

83. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

84. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

85. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

86. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

87. There will be no extraordinary difficulty in the management of this action as a class action.

88. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(c)(5)

89. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-48.

90. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

91. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

92. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

93. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

94. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

95. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their

11

respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

96. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

97. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this September 9, 2025.

Signatures:

/s/ *Anthony I. Paronich*
Anthony I. Paronich, *Subject to Pro Hac Vice*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

*Attorneys for Plaintiff*