# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

October 29, 2025

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York

Re:    *Wilson, et. al. Better Mortgage Corp.*, Civil Action No. 25-cv-5503-PAE

Dear Judge Engelmayer:

Pursuant to the Court's September 25, 2025 *Notice of Initial Pretrial Conference*, the parties respectfully submit this joint letter in advance of the Initial Pretrial Conference scheduled for November 4, 2025, at 11:30 a.m., to be conducted telephonically on the Court's conference line.

## I. Brief Description of the Case

Plaintiff's Position:

This is a putative class action brought under the *Telephone Consumer Protection Act* ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R. § 64.1200(c). Plaintiff Chet Michael Wilson alleges that Defendant Better Mortgage Corp. violated the TCPA's Do Not Call ("DNC") provisions by sending multiple unsolicited marketing text messages to his cell phone, which was registered on the National DNC Registry for over thirty days. The text messages—purportedly referencing a "recent application" for a mortgage—were allegedly sent without consent and contained Defendant's federally mandated NMLS identifier (#330511), confirming their commercial nature. Plaintiff contends that these texts constitute unlawful "telephone solicitations" under 47 C.F.R. § 64.1200(f)(15) and seeks statutory and treble damages on behalf of himself and a proposed nationwide class of similarly situated recipients.

Defendant's Position:

Defendant Better Mortgage Corp. denies all of Plaintiff's allegations, disputes that Plaintiff has pleaded a plausible TCPA claim or facially-certifiable class allegations under the Federal Rules of Civil Procedure, and denies that this case is capable and worth of class treatment. Defendant also will oppose any motion for class certification.

Plaintiff's claim is not actionable because, among other things, text messages are not regulated by Section 227(c) of the TCPA, as addressed in Defendant's pending Motion to Dismiss and/or Strike. *See* ECF No. 17 at 8-12. Additionally, Plaintiff's claim is based upon text messages directed to, and intended for, another individual who submitted a loan application with

Defendant. *See id*. at 15. Further, Plaintiff's theory for why the texts should be classified as "telephone solicitations" is based upon an unsupported mischaracterization of the texts he allegedly received, and conflicts with the content of the text messages. *See id*. at 16.

Defendant has not yet answered the operative complaint, but reserves all potential defenses it may assert under the TCPA, such as (but not limited to) whether Plaintiff provided prior express invitation or permission to be contacted or had a prior established business relationship with Defendant, whether Plaintiff was a "residential subscriber" under the DNC regulations, that the alleged texts do not constitute "telephone solicitations" under the National DNC Registry regulations, that the alleged texts were the result of a bona fide error, that the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other than Defendant, and that Plaintiff lacks standing to bring his claim.

## II. Contemplated Motions

Beyond the pending Motion to Dismiss, the parties anticipate the following potential motions:

- Plaintiff: If the Motion to Dismiss is denied, Plaintiff anticipates seeking class certification pursuant to Fed. R. Civ. P. 23 following discovery, as well as summary judgment on liability if warranted by the record.

- Defendant: Defendant intends to file a Motion to Stay Discovery Pending the Court's ruling on Defendant's Motion to Dismiss and/or Strike Plaintiff's Amended Complaint (ECF No. 17). If Defendant's Motion to Dismiss is denied, Defendant intends to move for summary judgment if and when appropriate. Defendant will also oppose and/or move to deny class certification.

## III. Prospect for Settlement

The parties have conferred regarding potential resolution. While no settlement has been reached, both parties remain open to good-faith discussions

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
Counsel for Plaintiff

cc: Counsel of Record (via ECF)