# manatt

John W. McGuinness<br>
Manatt, Phelps & Phillips, LLP<br>
Direct Dial:  (202) 585-6540<br>
JMcGuinness@manatt.com

November 5, 2025

**VIA CM/ECF DOCKET**

Hon. Paul A. Engelmayer
U.S. District Court for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Wilson v. Better Mortgage Corp.,* **Case No. 1:25-cv-05503 (S.D.N.Y.)**
      **Notice of Supplemental Authority Concerning Defendant's Pending Motion to Dismiss and/or Strike**

Dear Judge Engelmayer:

Our firm represents Defendant Better Mortgage Corp. ("Defendant") in the above-referenced matter. Pending before Your Honor is Defendant's Motion to Dismiss or Strike Plaintiff's Amended Complaint (ECF No. 17, the "Motion"). We write to respectfully inform the Court of a recent decision issued by the Honorable Steven D. Merryday of the United States District Court for the Middle District of Florida, which directly bears on the primary question presented in Defendant's pending Motion—whether Section 227(c) of the TCPA applies to text messages. Judge Merryday issued this decision on October 24, 2025, following the completion of briefing on Defendant's Motion in this case.

On October 24, 2025, Judge Merryday granted the defendants' motion to dismiss the plaintiff's claims arising under the Do-Not-Call Registry provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), holding that text messages do not constitute "telephone calls" for purposes of that cause of action. *Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025). A copy of the *Sayed* decision is attached hereto as **Exhibit A**.

The court in *Sayed* held that text messages are not considered calls in the context of Section 227(c)(5) of the TCPA. *Id*. The court noted that "a District Court is not bound by the FCC's interpretation of the TCPA. Rather, a district court must independently determine for itself whether the agency's interpretation of a statute is correct. District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of

1050 Connecticut Ave. NW, Suite 600, Washington, D.C.  20036  Telephone:  202.585.6500  Fax:  202.585.6600

Albany | Boston | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington,

# manatt

Hon. Paul A. Engelmayer
November 5, 2025
Page 2

statutory interpretation." *Id*. (citing *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 155 (2025)) (internal citations omitted).

The court agreed with the holding in *Davis v. CVS Pharmacy, Inc.,* 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025) (which Defendant cites in its pending Motion at 8, 9, 12), stating that "the statutory text here is clear, and a text message is not a 'telephone call[.]'" (internal citations omitted). *Id*. at *2. Furthermore, the court reasoned that "[i]n addition to the fact that in common American English usage, a 'telephone call' and a 'text message' are separate and distinct forms of communication, the term 'text message' appears elsewhere in the TCPA and related amendments, an appearance that confirms Congress understood the pertinent distinction and legislated mindful of the distinction." *Id*. at *2.

As such, the court held that "[t]he omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call,'" and granted the defendant's motion to dismiss the plaintiff's National DNC Registry claims on this basis. *Id*. at *2.

Accordingly, Defendant respectfully submits that the *Sayed* decision provides direct and persuasive support for Defendant's position that the TCPA's Do-Not-Call provisions do not apply to the text messages at issue in this case. We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ John W. McGuinness*

John W. McGuinness
Manatt, Phelps & Phillips, LLP

*Counsel for Defendant
Better Mortgage Corp.*