# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

November 6, 2025

**VIA ECF**

Hon. Paul A. Engelmayer
U.S. District Court for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Wilson v. Better Mortgage Corp., Case No.* 1:25-cv-05503 (S.D.N.Y.), *Response to Notice of Supplemental Authority Concerning Defendant's Pending Motion to Dismiss and/or Strike*

Dear Judge Engelmayer:

Plaintiff respectfully submits this response to Defendant's Notice of Supplemental Authority (ECF No. 29). The decision cited by Defendant, *El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 U.S. Dist. LEXIS 209469 (M.D. Fla. Oct. 24, 2025), does not alter or undermine the governing law in this Circuit, which remains that text messages constitute "calls" under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

The Second Circuit has squarely held that a text message qualifies as a "call" under the TCPA, and that precedent remains binding and undisturbed. In *Melito v. Experian Marketing Solutions, Inc.*, 923 F.3d 85, 88–89 (2d Cir. 2019), the court recognized—based on the statute's text and the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016)—that "[a] text message to a cellular telephone … qualifies as a 'call.'" Likewise, in *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 283–84 (2d Cir. 2020), the Second Circuit reaffirmed that "it is undisputed that a text message to a cellular telephone qualifies as a 'call' within the compass of the TCPA," and further held that an unwanted text message causes a concrete injury cognizable under Article III. These holdings are not contingent on administrative deference but on the courts' own interpretation of the TCPA's language and the Supreme Court's guidance.

Nothing in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), or *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), changes that analysis. The Second Circuit's interpretation of "call" under § 227 stands independently of any agency rulemaking. The text of the statute, as construed by both the Supreme Court and this Circuit, encompasses text messages, and district courts are bound by that precedent.

Furthermore, the limited analysis the *El Sayed* Court did conduct incorrectly relied on the Pallone-Thune TRACED Act for the conclusion that a "'telephone call' and a 'text message' are separate and distinct forms of communication." *El Sayed,* 2025 U.S. Dist. LEXIS 209469, at 3. But when Congress passed the TRACED Act, it worked mainly in § 227(e) (the Truth in Caller ID subsection) and added definitions there, including a definition for "text message." Critically, however, § 227(e)(8) provides that the definition is limited "For purposes of this subsection," and then defines terms like "caller identification information," "caller identification service," and "text message." 47 U.S.C. § 227(e)(8). That limitation confines the new definitions to subsection (e) and does not signal the distinction drawn by the *El Sayed* court. Additionally, it does not amend the separate prohibitions in § 227(b) or the do-not-call rules in § 227(c). By using the "For purposes of this subsection" qualifier, Congress signaled it was not globally redefining or limiting a "call" in § 227 to exclude text messages.

Elsewhere, as noted in Plaintiff's opposition brief, the TRACED Act directed the FCC to build processes for sharing information about a "call or text message" that violates the TCPA's robocall prohibitions (§ 227(b)). 47 § 227(i)(1)(A). If Congress thought texts were not "calls" it would have said so when it amended the statute. See also *Iraola & Cia, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) ("Where there is no indication that Congress intended to change the meaning courts have given to the statute, we are to presume that it did not intend any such change.").

The pairing shows, as Plaintiff argued in opposition to Defendant's motion, that Congress was aware of the FCC's orders and regulations that include text messages as calls, and ratified the administrative construction with positive legislation. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 846 (1986) ("Where, as here, 'Congress has not just kept its silence by refusing to overturn the administrative construction, but has ratified it with positive legislation,' we cannot but deem that construction virtually conclusive.") (quoting *Red Lion Broad. Co. v. FCC*, 395 U.S. 367, 380–81 (1969); citing *Bell v. New Jersey*, 461 U.S. 773, 785 n.12 (1983)).

In sum, when Congress amended the statute in 2019, it did not disturb the FCC's construction and application of the statute to cover text messages. That silence—in the face of widely recognized treatment of texts as calls—supports continuity, not the contraction advanced by *Davis* and *El Sayed*.

For these reasons, *El Sayed* provides no basis for departure from the settled law of this Circuit. The Second Circuit has already determined that text messages are "calls" under the TCPA, and that precedent remains binding on this Court. Accordingly, Plaintiff respectfully submits that Defendant's supplemental authority should be disregarded.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
Counsel for Plaintiff

cc: Counsel of Record (via ECF)