**manatt**

John W. McGuinness
Manatt, Phelps & Phillips, LLP
Direct Dial: (202) 585-6540
JMcGuinness@manatt.com

November 21, 2025

**VIA CM/ECF DOCKET**

Hon. Paul A. Engelmayer
U.S. District Court for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Wilson v. Better Mortgage Corp.,* Case No. 1:25-cv-05503 (S.D.N.Y.)
Response to Plaintiff's Notice of Supplemental Authority Concerning Defendant's Pending Motion to Dismiss and/or Strike

Dear Judge Engelmayer:

Our firm represents Defendant Better Mortgage Corp. ("Defendant") in the above-referenced matter. Pending before Your Honor is Defendant's Motion to Dismiss or Strike Plaintiff's Amended Complaint (ECF No. 17, the "Motion"). Defendant respectfully submits this response to Plaintiff's Notice of Supplemental Authority (ECF No. 32) presenting the Court with the case *Mujahid v. Newity, LLC*, No. 25 C 8012, 2025 WL 3140725 (N.D. Ill. Nov. 10, 2025). This Court is not bound by *Newity* and should not follow its conclusion for the following reasons:

Respectfully, the *Newity* court's conclusion that text messages are covered by the TCPA's Do-Not-Call provisions is based on flawed statutory interpretation. The court acknowledges that "§ 227(c) does not use the term 'text message,'" because "the statute was enacted in 1991, before the first-ever text message was sent in 1992." *Id*. at *2. However, the court then turns to a definition of "call" from 2002 to conduct its analysis of whether text messages fall within this definition. The court erred by failing to interpret the statute as it existed ***at the time of enactment*** (i.e., 1991), when text messages did not yet exist. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 405 (2021) (Courts "must interpret what Congress wrote" when the statute was enacted and cannot rewrite the TCPA to update it for modern technology); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) ("Every statute's meaning is fixed at the time of enactment."); *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025), *appeal pending* No. 25-2398 (7th Cir.)[1] ("Text messaging was not an available technology in 1991 [when the TCPA was enacted],

---

[1] If the Seventh Circuit affirms the *Jones* court's dismissal based on texts not being subject to the Do-Not-Call provisions, then the *Newity* decision (also within the Seventh Circuit) will be impacted by such binding precedent.

1050 Connecticut Ave. NW, Suite 600, Washington, D.C. 20036  Telephone: 202.585.6500  Fax: 202.585.6600

Albany | Boston | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington,

# manatt

Hon. Paul A. Engelmayer
November 21, 2025
Page 2

and thus 'telephone call' would not have included text messages or SMS messages."); *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025) (stating the conclusion that a text message is not considered a "telephone call" is "supported by the ordinary public meaning at the time of the provision's enactment"). This Court should not rely on *Newity* because of its erroneous statutory interpretation alone.

Additionally, with respect, the *Newity* court's deference to the FCC's interpretation is misplaced. First, while the FCC stated in its 2003 Order that, under some circumstances, "calls" include "text messages," that Order only addressed texts in the context of the TCPA's automated calling provision, Section 227(b). *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115-16 at ¶ 165, n.603-605 (2003). The FCC is not subject to the same limited authority with Section 227(b), as under Section 227(c). *Compare* 47 U.S.C. § 227(b)(2) *with* 47 U.S.C. § 227(c)(2). Second, the FCC acted beyond its Section 227(c) authority, which expired in 1992, in issuing its 2023 ruling on text messages. *See* 47 U.S.C. § 227(c)(2); *In the Matter of Targeting & Eliminating Unlawful Text Messages Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Advanced Methods to Target & Eliminate Unlawful Robocalls*, 38 F.C.C. Rcd. 12247, 12256-57 (2023); *see also Purl v. United States Dep't of Health & Hum. Servs.*, 760 F. Supp. 3d 489, 500 (N.D. Tex. 2024) ("The APA compels courts to hold unlawful and set aside agency actions that are in excess of statutory jurisdiction, authority, or limitations. 5 U.S.C. § 706(2), (2)(C). . . . When exercising this duty, the central question is always, simply, whether the agency has stayed within the bounds of its statutory authority.") (internal citations omitted). Third, the court's reference to *In the Matter of Emanuel Manny Hernandez* is misplaced, as that decision improperly relied on the FCC's 2003 and 2015 Orders to find that Section 227(c) of the TCPA can apply to text messages, even though both the 2003 and 2015 orders addressed texts only under Section 227(b). *See In the Matter of Emanuel Manny Hernandez; Click Cash Mktg., LLC; & Rock Solid Traffic,* No. DA18-1291, 2018 WL 6830220, at *1, n.7 (OHMSV Dec. 21, 2018) (citing *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991,* 30 F.C.C. Rcd. 7961, ¶ 120 (2015)); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R. 14014, 14115 (2003).

Regardless, FCC rulings are not entitled to special deference by this Court. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2013, 2015 n.2 (2025); *see also Loper*, 603 U.S. at 401; *Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759, at *1 (M.D. Fla. Oct. 24, 2025). Indeed, under *McLaughlin* and *Loper*, the court must "independently interpret" statutes under ordinary principles of statutory interpretation—even where the statute delegates discretionary authority to an agency—and must interpret the statute as "if no agency were involved." *Loper*, 603 U.S. at 400.

# manatt

Hon. Paul A. Engelmayer
November 21, 2025
Page 3

      Accordingly, Defendant respectfully submits that the *Newity* decision provides no persuasive support for the position that the TCPA's Do-Not-Call provisions apply to the text messages, and should not be considered. We thank the Court for its consideration of this matter.

                                          Respectfully submitted,

                                          */s/ John W. McGuinness*

                                          John W. McGuinness
                                          Manatt, Phelps & Phillips, LLP

                                          *Counsel for Defendant*
                                          *Better Mortgage Corp.*