UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ X
                                                                   :
Chet Michael Wilson                                                :
Plaintiff,                                                         :
                                                                   :              1:25-cv-05503-PAE
                                                                   :
                                                                   :
            -v-                                                    :          CIVIL CASE
                                                                   :        MANAGEMENT PLAN
                                                                   :        AND SCHEDULING
Better Mortgage Corp.                                              :              ORDER
Defendants.                                                        :
                                                                   :
                                                                   :
                                                                   :
------------------------------------------------------------------ X
```

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3) and the Court's December 5, 2025 Order.

1.      All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.      This case **is** to be tried to a jury.

3.      Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4.      Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than 14 days from the date of this Order.

5.      All <u>fact</u> discovery shall be completed no later than 180 days from the date of this Order, which per the Court's order dated December 5, 2025 (ECF No. 34), includes all class discovery.

6.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 5 above.

      a.     Initial requests for production of documents to be served no later than 30 days prior to expiration of the timeframe permitted in Paragraph 5.

      b.     Interrogatories to be served no later than 30 days prior to expiration of the timeframe permitted in Paragraph 5.

      c.     Depositions to be completed by the date set forth in Paragraph 5.

     d.    Requests to Admit to be served no later than 30 days prior to expiration of the timeframe permitted in Paragraph 5.

7.    a.    All <u>expert</u> discovery shall be completed no later than 60 days after completion of fact discovery.

     b.    No later than thirty (30) days prior to the close of fact discovery, as set by Paragraph 5, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in Paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in Paragraph 5, *i.e.*, the close of fact discovery.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        The parties are open to exploring potential early resolution and are willing to engage in informal settlement negotiations at this time.

     b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        Private mediation.

     c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        After the close of fact discovery.

     d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Order date is thirty (30) days following the close of expert discovery (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12.    Counsel for the parties have conferred and their present best estimate of the length of trial is 4-5 days.

13.     Other items: Defendant is considering filing a motion to certify this Court's order denying Defendant's Motion to Dismiss and/or Strike the Amended Complaint (ECF No. 34) for interlocutory appeal and accompanying motion to stay this case during pendency of the appeal.

---------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.    [Other]

15.    The next Case Management Conference is scheduled for _____ at _____

Unless otherwise indicated, the Case Management Conference will be held **telephonically**. The parties should call into the Court's dedicated conference line at **(855) 244-8681, and enter Access Code 2318-315-0661, followed by the pound (#) key**. Counsel are directed to review the Court's Individual Rules and Practices in Civil Cases, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.

All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

**Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference**, the names of any counsel who wish to enter an appearance at the conference, who will be serving as lead counsel, and the number from which each counsel will be calling.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_____

Paul A. Engelmayer
United States District Judge

Dated          New York, New York
               _____