UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHET MICHAEL WILSON, *individually and on behalf of all others similarly situated*,

Plaintiff,

vs.

BETTER MORTGAGE CORP.,

Defendant.

Civil Action No. 1:25-cv-05503-PAE

---

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Better Mortgage Corp. ("Defendant" or "Better"), in accordance with Fed. R. Civ. P. 12, hereby respectfully submits its Answer and Affirmative Defenses to the First Amended Putative class action complaint (*see* Dkt. 16, "FAC") filed by Plaintiff Chet Michael Wilson ("Plaintiff") in the above-captioned matter, and answers, avers, and responds to the allegations therein[1] as follows:

### NATURE OF THE ACTION

1.    As to the allegations in Paragraph 1 of the FAC, Defendant admits only that Plaintiff purports to bring a claim against Defendant on behalf of himself and putative class members under the Telephone Consumer Protection Act ("TCPA"), but denies that Defendant violated the TCPA or any other applicable law, denies that Plaintiff has stated a plausible claim for relief, denies that text

---

[1] This Answer is being submitted to satisfy Defendant's immediate responsive pleading deadline as required by the Court's December 5, 2025 Order on Defendant's Motion to Dismiss and/or Strike Class Allegations (Dkt. 18). Defendant reserves its right to file  a motion to certify the Court's Order for interlocutory appeal and stay this case pending appeal, or as to any arguments made therein or rights relating thereto.

messages are subject to the TCPA's "Do Not Call" ("DNC") provisions, and denies that this case is worthy or capable of class treatment. Defendant denies any and all remaining allegations of Paragraph 1 of the FAC.

2.      Defendant denies all allegations in Paragraph 2 of the FAC.

## JURISDICTION AND VENUE

3.      The allegations in Paragraph 3 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff's FAC purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute and thus presents a federal question. Defendant denies any and all remaining allegations in Paragraph 3 of the FAC.

4.      The allegations in Paragraph 4 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff's FAC purports to invoke this Court as a proper venue, but denies any implication of Defendant's liability. Defendant denies any and all remaining allegations in Paragraph 4 of the FAC.

5.      Defendant denies the allegations in Paragraph 5 of the FAC.

## PARTIES

6.      Defendant admits only that Plaintiff is a "natural person" as alleged in Paragraph 6 of the FAC but denies any implication of liability based on those allegations.

7.      Defendant admits the allegations in Paragraph 7 of the FAC only to the extent it is a corporation that maintains a principal place of business in New York, New York, but denies any implication of liability based thereon. Any and all remaining allegations in Paragraph 7 of the FAC

2

are denied.

## **FACTUAL ALLEGATIONS**

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the FAC and, on this basis, denies them.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the FAC and, on this basis, denies them.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC and, on this basis, denies them.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the FAC and, on this basis, denies them.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the FAC and, on this basis, denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the FAC and, on this basis, denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the FAC and, on this basis, denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the FAC and, on this basis, denies them.

16.     As to the allegations in Paragraph 16 of the FAC, Defendant admits to sending at least one text message to the phone number at issue in 2022, including on April 4, 2022, but denies that text messages are "calls" subject to the TCPA's National DNC Registry regulations. Defendant denies any and all remaining allegations in Paragraph 16 of the FAC.

17.     As to the allegations in Paragraph 17 of the FAC, Defendant admits to sending at

least one text message to the phone number at issue in 2022, including on April 4, 2022, but denies that text messages are "calls" subject to the TCPA's National DNC Registry regulations, and further deny that these text messages constitute "telephone solicitations" under such regulations. Any and all remaining allegations in Paragraph 17 of the FAC are denied.

18.     Defendant responds that the text messages referenced in Paragraph 18 of the FAC speak for themselves and, therefore, no response is required. To the extent that a response is deemed required, Defendant denies that the contents of the text messages constitute "telephone solicitations," that the text messages are subject to the TCPA's National DNC Registry regulations, that the text messages reflect unlawful actions by or on behalf of Better, or that Better violated the TCPA or any other law. Defendant denies any and all remaining allegations in Paragraph 18 of the FAC.

19.     The allegations in Paragraph 19 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all remaining factual allegations in Paragraph 19 of the FAC.

20.     Defendant responds that, to the extent this paragraph intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced in Paragraph 18 of the FAC speak for themselves and, therefore, no response is required. To the extent that paragraph 20 of the FAC references other text messages not specifically included in the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Defendant denies any remaining allegations in Paragraph 20 of the FAC.

21.     Defendant responds that, to the extent Paragraph 21 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and, therefore, no response is required. To the extent that a response is deemed required, Defendant denies that the text messages reflect unlawful actions by or on behalf

of Better, or that Better violated the TCPA or any other law. Defendant denies any and all remaining allegations in Paragraph21 of the FAC.

22.     Defendant admits the allegations in Paragraph 22 of the FAC.

23.     The allegations in Paragraph 23 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 23 of the FAC and, on this basis, denies them.

24.     The allegations in Paragraph 24 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 24 of the FAC and, on this basis, denies them.

25.     Defendant responds that, to the extent paragraph 25 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and, therefore, no response is required. To the extent that paragraph 25 of the FAC references other text messages not specifically included in the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. The allegations in Paragraph 25 of the FAC, otherwise reflect legal conclusions to which no response is required. Defendant denies any and all remaining allegations in Paragraph 25 of the FAC.

26.     Defendant responds that, to the extent paragraph 26 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and, therefore, no response is required. To the extent that paragraph 26 references other text messages not specifically included in the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Defendant further denies any and all remaining allegations in Paragraph 26 of the FAC.

27.     As to the allegations in Paragraph 27 of the FAC, Defendant admits it would have access to and maintain applications for its loan products and further admits to sending a text message to the phone number at issue on April 4, 2022. Defendant denies any and all remaining allegations in Paragraph 27 of the FAC.

28.     As to the allegations in Paragraph 28 of the FAC, Defendant admits to sending at least one text message to the phone number at issue in 2022, including on April 4, 2022, but denies that text messages are "calls" subject to the TCPA's National DNC Registry regulations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff registered the phone number, and on this basis denies such allegations. Any and all remaining allegations in Paragraph 28 of the FAC are denied.

29.     Defendant responds that, to the extent Paragraph 29 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and no response is required. To the extent that Paragraph 29 references other text messages not specifically included in the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. .Defendant further denies any remaining allegations in Paragraph 29 of the FAC.

30.     Defendant responds that, to the extent Paragraph 30 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and no response is required. To the extent that Paragraph 30 references other text messages not specifically included in the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Defendant further denies any and all remaining allegations in Paragraph 30 of the FAC.

31.     Defendant denies all allegations in Paragraph 31 of the FAC.

32.     Defendant responds that, to the extent Paragraph 32 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and no response is required. To the extent that Paragraph 32 references other text messages not specifically included in the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Defendant also denies any and all remaining allegations in Paragraph 32 of the FAC.

33.     Defendant responds that, to the extent Paragraph 33 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and no response is required. To the extent that Paragraph 33 references other text messages not specifically included in the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Defendant denies any and all remaining allegations in Paragraph 33 of the FAC.

34.     Defendant responds that, to the extent Paragraph 34 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and no response is required. To the extent that Paragraph 34 references other text messages not specifically included in the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Defendant denies any and all remaining allegations in Paragraph 34 of the FAC.

35.     Defendant responds that, to the extent Paragraph 35 of the FAC intends to cross-reference the text messages depicted in Paragraph 18 of the FAC, the text messages referenced therein speak for themselves and no response is required. To the extent that Paragraph 35 references other text messages not specifically included in the FAC and in regard to Plaintiff's allegations that "'Joseph' is unknown to Plaintiff," Defendant lacks knowledge or information sufficient to form a

belief as to the truth of such allegations, and therefore denies them. Defendant denies any and all remaining allegations in Paragraph 35 of the FAC.

36.     Responding to Paragraph 36 of the FAC, Defendant admits that it is a mortgage lender that generates revenue by originating mortgage loans and selling them on the capital markets. Defendant denies any and all remaining allegations in Paragraph 36 of the FAC.

37.     Responding to Paragraph 37 of the FAC, Defendant admits that it is a mortgage lender that generates revenue by originating mortgage loans and selling them on the capital markets. Defendant denies all the allegations in Paragraph 37 of the FAC.

38.     Defendant responds that the text messages referenced in Paragraph 38 of the FAC speak for themselves and, therefore, no response is required. To the extent that a response is deemed required, Defendant denies that the contents of the text messages reflect unlawful actions by or on behalf of Better. Defendant denies any remaining allegations in Paragraph 38 of the FAC.

39.     Defendant denies all the allegations in Paragraph 39 of the FAC.

40.     Defendant denies all the allegations in Paragraph 40 of the FAC.

41.     Defendant denies all the allegations in Paragraph 41 of the FAC.

42.     Defendant responds that the text messages referenced in Paragraph 42 of the FAC speak for themselves and, therefore, no response is required. To the extent that a response is deemed required, Defendant denies that the contents of the text messages reflect unlawful actions by or on behalf of Better. Defendant further denies any and all remaining allegations in Paragraph 42 of the FAC.

43.     Defendant responds that the text messages referenced in Paragraph 43 of the FAC speak for themselves and, therefore, no response is required. To the extent that a response is deemed required, Defendant denies that the contents of the text messages reflect unlawful actions by or on

behalf of Better. In regard to the allegations that "Joseph" is "wholly unconnected to Plaintiff," Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Defendant denies any remaining allegations in Paragraph 43 of the FAC.

44.    The allegations in Paragraph 44 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any and all factual allegations in Paragraph 44.

45.    Defendant denies all the allegations in Paragraph 45 of the FAC.

46.    Defendant denies all the allegations in Paragraph 46 of the FAC.

47.    Defendant denies all the allegations in Paragraph 47 of the FAC.

48.    Defendant denies all the allegations in Paragraph 48 of the FAC.

49.    Defendant denies all the allegations in Paragraph 49 of the FAC.

50.    Defendant denies all the allegations in Paragraph 50 of the FAC.

51.    As to the allegations in Paragraph 51 of the FAC, Defendant admits only that it is aware of its obligations under the TCPA, but denies that it violated the TCPA. Defendant denies any and all remaining allegations in Paragraph 51 of the FAC.

52.    Defendant denies the allegations in Paragraph 52 of the FAC.

53.    Defendant denies the allegations in Paragraph 53 of the FAC.

54.    Defendant responds that the text messages referenced in Paragraph 54 of the FAC speak for themselves. In regard to the allegations that "Joseph" is "wholly unconnected to Plaintiff," Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies them. Defendant further denies that the contents of the text messages reflect unlawful actions by or on behalf of Better. Defendant denies any remaining

allegations in Paragraph 54 of the FAC.

55.     Defendant denies all the allegations in Paragraph 55 of the FAC.

56.     Defendant denies all the allegations in Paragraph 56 of the FAC.

57.     Defendant denies all the allegations in Paragraph 57 of the FAC.

58.     The allegations in Paragraph 58 of the FAC, in whole or in part, reflect legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 58 of the FAC.

59.     Defendant denies all the allegations in Paragraph 59 of the FAC.

60.     Defendant denies all the allegations in Paragraph 60 of the FAC.

## CLASS ACTION ALLEGATIONS

61.     As to the allegations in Paragraph 61 of the FAC, Defendant admits only that Plaintiff purports to bring a claim on behalf of himself and putative class members, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 61 are denied.

62.     As to the allegations in Paragraph 62 of the FAC, Defendant admits only that Plaintiff purports to exclude Defendant and any entities in which the Defendant has a controlling interest, from a putative class, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 62 are denied.

63.     Defendant denies all allegations of Paragraph 63 of the FAC.

64.     As to the allegations in Paragraph 64 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of himself and putative class members under the TCPA, but denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 64 are denied.

65.     As to the allegations in Paragraph 65 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of himself and putative class members under the TCPA, but denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 65 are denied.

66.     As to the allegations in Paragraph 66 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of himself and putative class members under the TCPA, but denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 66 are denied.

67.     Defendant denies all allegations in Paragraph 67 of the FAC.

68.      Defendant denies all allegations in Paragraph 68 of the FAC.

69.      Defendant denies all allegations in Paragraph 69 of the FAC.

70.      Defendant denies all allegations in Paragraph 70 of the FAC.

71.      Defendant denies all allegations in Paragraph 71 of the FAC.

72.      Defendant denies all allegations in Paragraph 72 of the FAC.

73.      Defendant denies all allegations in Paragraph 73 of the FAC.

74.      As to the allegations in Paragraph 74 of the FAC, Defendant admits only that Plaintiff purports to belong to a putative class and to bring a claim on behalf of himself and putative class members under the TCPA, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 74 are denied.

75.      Responding to Paragraph 75, Defendant admits that Plaintiff's counsel has TCPA and class action experience.

76.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the FAC and, on this basis, denies them.

77.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the FAC and, on this basis, denies them.

78.      Defendant denies all allegations in Paragraph 78 of the FAC.

79.      Defendant denies all allegations in Paragraph 79 of the FAC, including all subparts.

80.      Defendant denies all allegations in Paragraph 80 of the FAC.

81.      Defendant denies all allegations in Paragraph 81 of the FAC.

82.     Defendant denies all allegations in Paragraph 82 of the FAC.

83.     Defendant denies all allegations in Paragraph 83 of the FAC.

84.     Defendant denies all allegations in Paragraph 84 of the FAC.

85.     Defendant denies all allegations in Paragraph 85 of the FAC.

86.     Defendant denies all allegations in Paragraph 86 of the FAC.

87.     Defendant denies all allegations in Paragraph 87 of the FAC.

88.     Defendant denies all allegations in Paragraph 88 of the FAC.

**Count I:**
**Violation of 47 U.S.C. § 227(c)(5)**

89.     Defendant repeats, realleges, and incorporates by reference its responses to all prior allegations of the FAC, as provided above, as if fully stated herein for Paragraph 89.

90.     The allegations in Paragraph 90 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that cellular telephone numbers that have been placed on the National DNC Registry are presumptively residential or that text messages are subject to the National DNC Registry regulations of the TCPA. Any remaining allegations in this Paragraph are denied.

91.     Defendant denies all allegations in Paragraph 91 of the FAC.

92.     The allegations in Paragraph 92 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that text messages are subject to the DNC provisions of the TCPA or the cited legal authority applies to the text messages Plaintiff purportedly received in this case, and further denies that Defendant violated the TCPA or any other law. Defendant denies all remaining

allegations in Paragraph 92 of the FAC.

93.     The allegations in Paragraph 93 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that text messages are subject to the DNC provisions of the TCPA or that the cited legal authority applies to the text messages Plaintiff purportedly received in this case, and further denies that Defendant violated the TCPA or any other law. Defendant denies all remaining allegations in Paragraph 93 of the FAC.

94.     The allegations in Paragraph 94 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that text messages are subject to the DNC provisions of the TCPA or that the cited legal authority applies to the text messages Plaintiff purportedly received in this case, and further denies that Defendant violated the TCPA or any other law. Defendant denies all remaining allegations in Paragraph 94 of the FAC.

95.     Defendant denies all allegations in Paragraph 95 of the FAC.

96.     Defendant denies all allegations in Paragraph 96 of the FAC.

97.     Defendant denies all allegations in Paragraph 97 of the FAC.

## **Prayer for Relief**

WHEREFORE, Defendant denies each and every allegation set forth in the "Prayer for Relief" of Plaintiff's FAC (including all subparts), and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the FAC, either expressly or by implication, including but not limited to the specific relief requested on pages 12-13 of the FAC, or to any relief whatsoever,

and demands the strictest of proof of all alleged damages, injuries, and harms. Defendant further denies that it violated the TCPA or any other law in relation to this action, and thus denies Plaintiff is entitled to relief under such laws. Defendant further denies that Plaintiff is entitled to treble damages or "[s]uch other and further relief" Plaintiff requests in the FAC.

## GENERAL DENIALS

All allegations in the FAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or in any preamble or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and Defendant denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the FAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Defendant denies any liability as to having violated the TCPA, or any other applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the FAC or others. Defendant further denies Plaintiff or any putative class member is entitled to any relief or damages whatsoever, and demands strict proof thereof. Any scrivener's error should not be construed against Defendant and should be construed as a denial rather than an admission of liability.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant joins Plaintiff's jury trial demand, and Better demands a trial by jury of all issues triable of right by jury.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

By alleging the affirmative and other defenses herein and below, Defendant intends no alteration of any burden of proof that otherwise exists with regard to the claims in the FAC. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject

matter jurisdiction, or as to whether Plaintiff is entitled to relief. Defendant reserves the right to bring affirmative claims or to seek sanctions against Plaintiff as permitted by applicable rules and law.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

As reflected in Defendant's motion to dismiss (*see* Dkt. 18) filed in this case and the briefing related thereto, which is incorporated herein by reference, and for other reasons, and notwithstanding the Court's ruling to the contrary (with which Better respectfully disagrees and may move to certify for appeal), Defendant contends that the FAC fails to set forth facts sufficient to state or constitute a claim against Defendant under the TCPA or any other law and fails to state facts sufficient to entitle Plaintiff or any putative class member to the relief sought, or any relief whatsoever, from Defendant. This includes in particular (but is not limited to) the fact that text messages (which are the entire basis for Plaintiff's claim in the FAC) are not subject to the TCPA's National DNC Registry provisions and are not enforceable under 47 U.S.C. § 227(c)(5). *See, e.g., Jones v. Blackstone Med. Servs., LLC,* 2025 WL 2042764 (C.D. Ill. July 21, 2025), *on appeal as Steidinger, et al. v. Blackstone Medical Services*, No. 25-2398; *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025); *Aliana El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025). Further, Defendant contends Plaintiff will be unable to establish such facts as necessary to satisfy Plaintiff's burden of proof as to the claim asserted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Not Willful and/or Knowing)**

Plaintiff has not carried and cannot carry his burden of showing that any action or omission by Defendant was "willful" or "knowing" and, therefore is not entitled to treble damages under the TCPA or any other law that provides for treble damages.

16

## THIRD AFFIRMATIVE DEFENSE

### (Prior Express Invitation or Permission)

The phone number at issue was provided to Better via one or more loan applications by Plaintiff and/or third parties that predated the text messages at issue. Such loan applications provide prior express invitation or permission for Better to contact the phone number. Accordingly, the text messages are exempt from the TCPA's National DNC Registry regulations. *See* 47 U.S.C. 47 C.F.R. 64.1200(c)(2), (f)(15). the .

## FOURTH AFFIRMATIVE DEFENSE

### (Established Business Relationship)

The text messages were provided in response to loan applications submitted by Plaintiff and/or third-parties and thus arise out of an inquiry to Better within the preceding ninety (90) days and/or a transaction with Better within the preceding eighteen (18) months. As such, the presence of this Established Business Relationship exempts such text messages from the definition of "telephone solicitation" and the TCPA's National DNC Registry regulations. *See* 47 U.S.C. 47 C.F.R. 64.1200(c)(2), (f)(5).

## FIFTH AFFIRMATIVE DEFENSE

### (No Telephone Solicitation or Call For Telemarketing Purposes)

The text messages at issue were not "telephone solicitations" within the definition of the TCPA. The TCPA's National Do Not Call Registry regulations apply only to  "telephone solicitations," defined as the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term ***does not include*** a call or message (A) to any person with that person's prior express invitation or permission, [or] (B) to any person with whom the caller has an established business relationship[.]" 47 U.S.C. § 227(a)(4) (emphasis added); 47 C.F.R.

17

§ 64.1200(c)(2)(ii), (d), (f)(5), (f)(15); *see also* 47 C.F.R. § 64.1200(d) (referring to, but not defining, calls "for telemarketing purposes"). Defendant denies that text messages can be "telephone solicitations" under these regulations because they are not a "call." Further, the text messages alleged are not "telephone solicitations" because they were not sent "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services," but rather sent in response to and concerning a pending loan application, which provided prior express invitation or permission and created an established business relationship.

## SIXTH AFFIRMATIVE DEFENSE

### (Error)

Plaintiff's claims are barred because, to the extent he received any violative text messages from Defendant, which Defendant denies, such texts were the result of bona fide error. Defendant states that, as part of its routine business practices, Defendant, at all relevant times, (i) had established and implemented procedures to comply with the TCPA's Do-Not-Call rules (ii) trained its personnel and any entity assisting in its compliance in procedures established pursuant to the TCPA's Do-Not-Call rules, (iii) maintained and recorded a list of telephone numbers that Defendant may not contact, and (iv) used a process to prevent telephone solicitations to any telephone number on any list established pursuant to the TCPA's Do-Not-Call rules and maintains records documenting this process.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to the matters alleged in the FAC, Defendant acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Not Residential Telephone Subscribers)

Plaintiff's claims are barred in whole or in part because, upon information and belief, the telephone number is used by and for Plaintiff's businesses, is paid for using business funds, is registered as a business line, and is advertised to the public as a contact number for multiple businesses, and therefore Plaintiff does not qualify as a "residential telephone subscriber" within the meaning of the TCPA. *See* 47 C.F.R. § 64.1200(c)(2), (d).

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiff Did Not Register on National Registry)

Plaintiff's claim is barred in whole or in part because, upon information and belief, Plaintiff is not the subscriber who personally registered the telephone number on the National Do Not Call Registry. *See* 47 C.F.R. § 64.1200(c)(2) (prohibiting calls to "a residential telephone subscriber *who has registered his or her* telephone number on the national do-not-call registry"). Plaintiff's claim is additionally barred in whole or in part because only residential telephone numbers can be registered on the National Do Not Call Registry. To the extent the telephone number is not a "residential" telephone number, it is not properly registered on the National Do Not Call Registry and therefore not covered by the National Do Not Call regulations. *See In re Rules & Reguls. Implementing the TCPA*, 23 FCC Rcd. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do Not Call Registry applies to 'residential subscribers' and *does not* preclude calls to businesses.") (emphasis added).

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff's claim fails due to his failure to join necessary or indispensable parties in this

action, including but not limited to the any other user(s) or owner(s) of the subject phone number, the subscriber(s) who registered the phone number on the National DNC Registry, and/or person(s) who submitted loan applications and provided consent to be contacted by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fifth Amendment Due Process)

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC*, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom.* 930 F.3d 950 (8th Cir. 2019) (citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")).

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process – Punitive Damages)

To the extent that the FAC seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United States Constitution, as grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g. TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords

discretion to award up to $1,500.00 "per violation." Further, the TCPA's National DNC Registry provision provides for an excessive penalty of up to $500 per violation.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Eighth Amendment Excessive Fines)

If TCPA is applied against Defendant to impose liability grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (De Minimis Harm)

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered by Plaintiff (if any) is negligible.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Plaintiff is not entitled to relief because, if Plaintiff has been damaged, which Defendant denies, Plaintiff has failed to mitigate his damages by failing to request that any further communications cease, and therefore any recovery against Defendant is barred or should be reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that texts are not subject to the TCPA's National DNC Registry regulations, and/or to the extent that Plaintiff is not the owner and/or user of the subject phone number, consented to receiving the text messages at issue in this action, , did not suffer any injury-in-fact, failed to make a stop request, cannot trace any alleged injury to Defendant and/or is not within the "zone of interests" that the TCPA and other laws invoked in his FAC were designed to protect, among other reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

All conduct and activities of Defendant, including any purported agents, alleged in the FAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the FAC. As a consequence, some or all of Plaintiff's claims are barred in full, or in part, based on Defendant's good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

The FAC is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendant had no control, including but not limited to any user or subscriber of the phone number who provided consent to receive the calls at issue. Thus, the acts of

such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm.

## NINTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant, which Defendant denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Safe Harbor)

At all times relevant to the matters alleged in the FAC, Defendant had established and implemented written procedures to comply with (and has so complied with) the applicable TCPA Do-Not-Call rules. For the avoidance of doubt, Defendant asserts all "safe harbor" and other affirmative defenses available to it under all applicable TCPA provisions and related implementing regulations, pertaining to Plaintiff's allegations against Defendant in this matter (*see, e.g.*, 47 U.S.C. §§ 227(c) and 64 C.F.R. §§ 64.1200(c)) without limitation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Class Not Certifiable)

Plaintiff does not meet the class requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality and adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries, including because the circumstances under which individuals might provide consent and/or revoke consent

can naturally vary by individual. Individual inquiries would also be required to determine whether each class member utilized their number for "residential" purposes, whether they personally registered their number, and whether each text message constituted a "telephone solicitation." Plaintiff also cannot meet the requirements for class certification because he is not a member of the class he seeks to represent to the extent that there has been no TCPA violation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff has failed to state facts that would entitle Plaintiff to obtain injunctive relief because, among other reasons, Plaintiff does not allege texts are continuing and there is no threat of immediate, imminent, and/or continuing harm, and therefore Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021); *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Defenses; Additional or Other Defenses)

Certain additional affirmative and other defenses to the FAC and to the purported claims for relief stated therein may be available to Defendant. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Defendant reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed. Defendant also does not waive any rights under 28 U.S.C. §1292(b). Defendant also reserves and does not waive the right to bring an affirmative action against Plaintiff or any responsible third parties, if and when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's FAC with prejudice, award Defendant all of its costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendant all other relief as the Court deems just and appropriate.

Dated:    New York, New York            Respectfully submitted,
          December 19, 2025
                                        MANATT, PHELPS & PHILLIPS, LLP

                                        By:  /s/ John W. McGuinness
                                            John W. McGuinness
                                            7 Times Square
                                            New York, NY 10036
                                            Telephone:  (212) 790-4599
                                            Facsimile: (212) 790-4545
                                            jmcguinness@manatt.com

                                            *Attorneys for Defendant*
                                            *Better Mortgage Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 19, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

                                        /s/ John W. McGuinness